UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                               Plaintiff,

- against -

BMS ELECTRIC, INC.,

                               Defendant.
------------------------------------------------------------x

Civil Action No.
08-CV-4349 (JG)(JO)

## DEFAULT JUDGMENT

This action having been commenced on October 27, 2008 by the filing of the Summons and Complaint; a copy of the Summons and Complaint having been served on BMS Electric, Inc (the "Company") on November 3, 2008 by service upon the New York Secretary of State; proof of service having been filed with the Court on November 10, 2008; defendant not having answered the Complaint; and the time for answering the Complaint having expired; defendant's default having been entered; the default being willful because of the failure of defendant to answer, prejudicial to the plaintiff in light of the statutory policy favoring the efficacious resolution of collection actions by employee benefit funds under ERISA; and the defendant lacking a meritorious defense;

NOW, upon application of plaintiff and upon the accompanying Statement of Amounts Due and the Declaration of Bradley J. Sollars submitted pursuant to Local Rule 55.2, setting forth the amounts that the defendant are indebted to plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that

The Company is liable for and shall pay the amount of **$159,690.76** in damages to plaintiff, which amount represents unpaid required contributions, an audit deficiency, interest on

1

unpaid and late-paid contributions as well as interest on the audit deficiency, liquidated damages, and attorney's fees and costs as required under Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and **$19.39** per diem as follows:

   (a)   **$73,295.40** in unpaid contributions to all Plans; and

   (b)   **$33,519.45** in contributions due to an audit deficiency; and

   (c)   **$6,425.85** in interest on the unpaid and late-paid contributions due, as well as interest on the audit deficiency plus **$19.39** per diem through the date of payment of the unpaid contributions and audit deficiency; and

   (d)   **$43,744.94** in liquidated damages equal to twenty (20) percent of the unpaid and late-paid contributions due to the ERISA Plans; and

   (e)   **$2,705.12** in attorney's fees and costs for the prosecution of this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Company shall submit, within ten days after service of a copy of this Order upon the defendant, weekly payroll reports to plaintiff for all payroll weeks for which such reports have not been submitted as of the date judgment is entered and shall continue to submit the weekly payroll reports when due thereafter, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Company shall submit, within 30 days after service of a copy of this Order upon the defendant, an accounting to plaintiff for all payroll weeks for which the Company deducted funds from any employee's wages which have not been submitted as of the date judgment is entered and shall continue to submit the weekly payroll reports when due thereafter, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Company shall pay to plaintiff, within ten days after service of a copy of this Order upon the defendant, all

contributions determined to be due pursuant to the CBA for all weeks that are unpaid as of the date judgment is entered and thereafter; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this judgment shall be without prejudice to the right of plaintiff to audit the books and records of the Company for any time period and to collect any contributions found to be due and owing as a result of any such audit.

SO ORDERED.

Dated: 1-27-09
Brooklyn, New York

s/John Gleeson
U.S.D.J.